**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERWIN ROBERTO GALINDO, a/k/a Angelo Sandoval, f/k/a Erwin Roberto Galindo-Mejia,<br>Defendant. | Case No. 26-CV-00610-GPC-JLB<br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br>[ECF No. 5] |

In this case, Plaintiff the United States of America ("the Government") seeks the denaturalization of Defendant Erwin Roberto Galindo. ECF No. 1. After Mr. Galindo failed to respond to the Government's complaint, the Government filed a motion for judgment on the pleadings. ECF No. 5. For the reasons set forth below, the Court finds that a motion for judgment on the pleadings is not an appropriate means to obtain the relief the Government seeks. Accordingly, the Court denies the motion without prejudice to the Government filing a subsequent motion for summary judgment.

## BACKGROUND

### I. Factual Background

The following allegations form the basis of the Government's complaint. Defendant Erwin Roberto Galindo became a naturalized citizen of the United States on February 18,

2015. ECF No. 1, ¶ 44.

Ten months later, in December 2015, the State of California arrested Defendant and charged him with five counts of child sexual abuse. *Id.* ¶ 27–28. The charged conduct allegedly occurred in 1997 and 2009. *Id.* ¶ 28. In May 2016, Defendant pled guilty to two charges of child sexual abuse, one occurring in 2009 and one in 1997. *Id.* ¶ 29. Defendant served five years and five months in state prison. *Id.* ¶ 32.

When Defendant applied for naturalization in 2014, the application asked, "Have you ever committed a crime or offense for which you were not arrested?" *Id.* ¶ 36. Defendant answered "no." *Id.* During Defendant's naturalization interview on January 2, 2015, a U.S. Citizenship and Immigration Services ("USCIS") officer placed Defendant under oath and asked the same question, to which Defendant again replied "no." *Id.* ¶¶ 38–40.

The Government now claims that Defendant's citizenship should be revoked because, by failing to inform the U.S. government of his prior sexual abuse of minors, Defendant procured his citizenship illegally and through concealment of a material fact.

### II. Procedural Background

The Government filed its complaint for denaturalization on January 30, 2026. ECF No. 1. Defendant was served on February 17, 2026. ECF No. 3. Defendant did not answer or otherwise respond to the Government's complaint.

On July 6, 2026, the Government moved for judgment on the pleadings. ECF No. 6. Defendant did not respond to the Government's motion.

## LEGAL STANDARD

### I. Government's Burden of Proof in Denaturalization Proceedings

In *Klapprott v. United States*, the Supreme Court found that courts lacked authority "to enter denaturalization judgments by default without proof of facts to support the judgment." 335 U.S. 601, 610–11 (1949). The Court continued that, given the importance of citizenship, "a person's citizenship should be revoked only after evidence has

established that the person has been guilty of prohibited conduct justifying revocation." *Id.* at 611.

The Supreme Court went on to reiterate the high burden of proof on the Government in denaturalization proceedings: "[B]ecause of the grave consequences incident to denaturalization proceedings we have held that a burden rests on the Government to prove its charges in such cases by clear, unequivocal and convincing evidence which does not leave the issue in doubt." *Id.* at 612. Thus, courts should not "deprive a person of his citizenship until the Government first offers proof of its charges sufficient to satisfy the burden imposed on it, even in cases where the defendant has made default in appearance." *Id.* at 612–13.

### II. Federal Rule of Procedure 12(c)

Generally, when a defendant fails to respond to a lawsuit, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55.[1] However, given the Supreme Court's disapproval of default judgment in denaturalization proceedings, the Government has instead moved for Judgment on the Pleadings under Rule 12(c).

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When considering a motion for judgment on the pleadings, a court "must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

## DISCUSSION

As an initial matter, the Court notes that the Ninth Circuit has made clear that a motion for judgment on the pleadings is only appropriate once both a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058, 1061–62 (9th Cir. 2005). Accordingly, the Government's motion falls short as a matter of procedure. However, the Court's greater concerns lie with the motion's substance.

---

[1] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

In moving for judgment on the pleadings, the Government asks the Court to resolve this case based on only the facts alleged in the complaint, taken as true. However, the Government's allegations in its complaint cannot supply the "clear, unequivocal, and convincing evidence" required in denaturalization proceedings. *Klapprott*, 335 U.S. at 612. Indeed, the Ninth Circuit has made clear that allegations in a complaint are not evidence. *See Flaherty v. Warehousemen, Garage & Svc. Station Emp.'s Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978); *Wood v. Washburn*, No. 23-35041, 2025 WL 66046, at *3 (9th Cir. Jan. 10, 2025); *United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) ("The government's assertions in its pleadings are not evidence."); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1098 n.12 (9th Cir. 2010) (Hawkins, M., dissenting) ("[P]leadings are not considered evidence.").

While Defendant argues that the allegations in the complaint have been "admitted," ECF No. 5-1, at 12 (citing Fed. R. Civ. P. 8(b)(6)), this is not enough. The Supreme Court has required the government to "offer[] proof of its charges sufficient to satisfy the burden imposed on it." *Klapprott*, 335 U.S. at 612–13. By relying only on its own pleadings, the Government has failed to supply this necessary proof. Indeed, because Defendant has failed to answer the complaint, the Government's motion for judgment on the pleadings asks the Court to rely on the very same materials deemed insufficient by the *Klapprott* Court in the default judgment setting. 335 U.S. at 611–13.

The evidentiary demands of denaturalization proceedings are more aligned with a motion for summary judgment under Rule 56. In ruling on a motion for summary judgment, a court can consider only "admissible evidence" or evidence capable of being presented in an admissible form at trial. *Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002); *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Thus, a party seeking the admission of evidence on a motion for summary judgment bears the burden of showing its admissibility. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010). While the Government has attached various exhibits to the complaint that it now asks the Court to

rely upon, the Government has made no effort to demonstrate the admissibility of the contents of those exhibits. This is insufficient in light of the stringent evidentiary burden placed on the Government in denaturalization proceedings. *See Klapprott*, 335 U.S. at 612.

On a motion for summary judgment—in which the Government will have the opportunity to (1) submit "clear, unequivocal and convincing evidence" supporting its allegations and (2) demonstrate that such evidence could be made admissible at trial—the Court will be better suited to evaluate the Government's claim and assess whether the Government meets its high burden of proof. *See Klapprott*, 335 U.S. at 612.

In sum, the Court finds that the Government's motion for judgment on the pleadings is procedurally improper and fails to meet the substantive requirements for denaturalization proceedings outlined by the Supreme Court in *Klapprott v. United States.* 335 U.S. 601 (1949).

## CONCLUSION

In light of the considerations above, the Court DENIES the Government's motion for judgment on the pleadings. ECF No. 5. The denial is without prejudice to refiling a motion for summary judgment that satisfies the evidentiary demands of *Klapprott v. United States*. 335 U.S. 601 (1949).

If the Government chooses to file a motion for summary judgment, it should do so within sixty (60) days of this order. Any such motion should comply with this chambers' rules and be accompanied by a statement of undisputed material facts that identifies the evidence in the record proving each material fact. Additionally, any such motion shall be personally served on Defendant.

IT IS SO ORDERED.

Dated: August 28, 2026

Hon. Gonzalo P. Curiel
United States District Judge